IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CARMELLA HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:24-CV-126-RAH-KFP |
| ) | |
| MURPHY OIL USA, et al., ) | |
| ) | |
| Defendants. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Carmella Henderson was previously granted leave to proceed in forma pauperis, which obligates the Court to undertake review of the Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). Upon review, the undersigned RECOMMENDS that this case be dismissed, as set forth below.

### I.  LEGAL STANDARD

Under 28 U.S.C. § 1915, a court may dismiss an in forma pauperis complaint if it is frivolous, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1). An action is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Pro se pleadings are held to a less stringent standard than those drafted by an attorney and should be liberally construed by courts. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). But courts cannot construct a pro se litigant's

legal arguments or rewrite a deficient pleading to save it. *Barnett v. Lightner*, No. 13-CV-482, 2014 WL 3428857, at *2 (S.D. Ala. July 15, 2014) (citations omitted). Although liberally construed, pro se pleadings must comply with the Federal Rules of Civil Procedure. *Hopkins v. Saint Lucie Cnty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (citations omitted).

**II.    PLAINTIFF'S COMPLAINT**

Henderson filed this Complaint on February 21, 2024. Doc. 1. She used the form for pro se plaintiffs to file actions for an EEOC complaint, and she alleges in her Complaint that her employment was wrongfully terminated on February 12, 2023. Doc. 1 at 2 ¶ 8.[1] Henderson attached to her Complaint her EEOC charge, which confirms that her employment was terminated on February 12, 2023. Doc. 1-1. Henderson alleges that she was discriminated against by her former employer on the basis of her age, 60, and on the basis of her disability when her employment was terminated. Doc. 1. In her EEOC charge she also alleges that her 26-year-old supervisor threatened her, at some unidentified point during her employment, with a knife. She reported her supervisor's threatening conduct to her district manager. Doc. 1-1. Henderson alleges that she was retaliated against and pushed out of her job because of the complaint and her disability. Doc. 1-1. She seeks recovery of backpay.

The Court construes Henderson's Complaint to assert that she was discriminated against in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §

---

[1] Additionally, Henderson's Complaint alleges that February 7, 2023, was the date on which she was discriminated against. Doc. 1 at 2 ¶ 8.

2

621, et seq. ("ADEA"), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA").

### III. DISCUSSION

To bring suit under the ADA or the ADEA, a plaintiff must exhaust administrative remedies. *See, e.g., Maynard v. Pneumatic Prod. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001); 42 U.S.C. § 12117(a) (incorporating the enforcement provisions of 42 U.S.C. § 2000e-5). In a non-deferral state like Alabama, a plaintiff must file an EEOC charge within 180 days of the discriminatory act. 29 C.F.R. § 1626.7(a); *Freeman v. Koch Foods of Alabama*, 777 F. Supp. 2d 1264, 1275–76 (M.D. Ala. 2011) ("As an administrative prerequisite to filing suit . . . an employee must file a timely charge of discrimination with the EEOC. . . . to assert a claim under the ADA[.]") (citations omitted); *see also* 42 U.S.C. § 2000e–5(e)(1) (providing that a Title VII plaintiff in a non-deferral state, such as Alabama, must file an EEOC charge within 180 days of when an alleged unlawful employment practice occurred); 42 U.S.C. § 12117(a) (applying the remedies and procedures of Title VII to the ADA); *Jones v. Dillard's, Inc.*, 331 F.3d 1259, 1263 (11th Cir. 2003) ("Alabama has a state discrimination statute, the AADEA, but does not have an EEOC equivalent. Thus, the Court examines the timeliness of [plaintiff's] ADEA claim in the context of the 180-day rule."); 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5 procedures, including 180 day filing period, into ADA cases). "In cases alleging unlawful termination, the '180-day period is counted from the date the employee receives notice of termination.' *Wright v. AmSouth Bancorporation*, 320 F. 3d 1198, 1201 (11th Cir. 2003). If the plaintiff does not submit a timely EEOC charge,

3

she generally may not challenge the alleged discriminatory conduct in court. *Alexander v. Fulton Cnty., Ga.,* 207 F. 3d 1303, 1332 (11th Cir. 2000)." *Coley v Shaw Indus., Inc.*, 2021 WL 4429818 at *1 (11th Cir. Sept. 27, 2021).[2]

Henderson filed her EEOC charge more than nine months following her termination. Specifically, it was filed 288 days after her termination when she digitally signed it on November 27, 2023. Doc. 1-1. Thus, Henderson's claims under the ADA and the ADEA were not the subject of a timely-filed EEOC charge, and the claims cannot be brought now before the Court. *Mayo v. Allstate Ins. Co.*, 311 F. Supp. 2d 1329, 1334 (M.D. Ala. 2004) ("Because Mayo did not file his EEOC charge until [after the 180-day period passed], the Court finds that his discriminatory discharge claim is untimely and is due to be dismissed."). Henderson's untimely claims must be dismissed. *Coley*, 2021 WL 4429818, at *2 (affirming dismissal of ADA lawsuit where EEOC charge was filed 300 days after plaintiff's termination); *Derosier v. BP Corp., N. Am., Inc.*, No. 05-81020-CIV, 2006 WL 8435426, at *1 (S.D. Fla. June 21, 2006), *report and recommendation adopted*, No. 05-81020-CIV, 2006 WL 8435427 (S.D. Fla. July 20, 2006) ("Failure to exhaust the ADA or ADEA administrative requirements prior to commencing suit will result in dismissal of the claim by the district court.") (citing *McBrayer v. City of Marietta*, 967 F.2d 546, 547 (11th Cir. 1992)); *Banks v. The News Grp.*, No. 1:18-CV-2809-CAP-LTW, 2018 WL 10510819, at *1 (N.D. Ga. June 25, 2018), *report and recommendation adopted*, No. 1:18-CV-2809-CAP-LTW, 2018 WL 10510818 (N.D. Ga. July 17, 2018) (reviewing under § 1915 and

---

[2] While the Court notes this and other cases cited here are not binding, the Court finds them persuasive.

4

dismissing pro se plaintiff's ADA and AADEA claims for failure to file EEOC charge; "If the plaintiff fails to file an EEOC charge before the 180-day limitations period expires, the plaintiff's subsequent lawsuit may be barred and dismissed for failure to exhaust administrative remedies.").[3]

Additionally, a plaintiff may not file suit until the EEOC has completed its administrative review and issued a Dismissal and Notice of Right to Sue letter (or taken other steps to pursue action for the charging party). *See Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1569–70 (11th Cir. 1996) ("receipt of a right-to-sue letter is not a jurisdictional prerequisite to suit, but rather, is a statutory precondition which is subject to equitable modification"). Next, the charging party must file a civil action within 90 days of the receipt of the EEOC's Dismissal and Notice of Rights. *See, e.g., Jones v. Allstate Ins.*, No. 2:21-CV-192-SGC, 2021 WL 2637383, at *3 (N.D. Ala. May 4, 2021) ("Under the ADA, an employee must comply with the same procedural requirements that exist under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. . . , including the requirements that she file a charge of discrimination with the [EEOC] within 180 days of the date of alleged discrimination and file suit in district court within 90 days after the EEOC issues a right-to-sue letter.") (citing *Bryant v. U.S. Steel Corp.*, 428 F. App'x 895, 897 (11th Cir. 2011) (citing 42 U.S.C. § 2000e-5)); *Gant v. Jefferson Energy Co-op.*, 348

---

[3] There is nothing before the Court to suggest equitable tolling paused the running of the limitations period. *See Bazemore v. Dynamic Sec.*, No. 2:12-CV-436-MEF, 2012 WL 3543473, at *3 (M.D. Ala. July 26, 2012), *report and recommendation adopted*, No. 2:12-CV-436-MEF, 2012 WL 3544741 (M.D. Ala. Aug. 16, 2012) ("The 180–day period for filing an EEOC charge is subject to equitable tolling[, and] Plaintiff bears the burden of establishing that equitable tolling is appropriate.'") (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295 (5th Cir. 1979); *Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648 (11th Cir. 1993)).

F. App'x 433, 434–35 (11th Cir. 2009) (affirming dismissal of complaint that was not filed within the 90-day limit). Here, there is no indication that Henderson has received a right-to-sue letter authorizing her to file this lawsuit. She has attached her EEOC charge to the lawsuit but no right-to-sue letter. Henderson does, however, allege that she received a right-to-sue letter on the same date as her charge, November 27, 2023. Doc. 1 at 4 ¶ 11. If she did, the lawsuit would be filed within 90 days of that letter. Nevertheless, whether she received a right-to-sue and timely filed this lawsuit thereafter is inconsequential due to the untimeliness of Henderson's charge with the EEOC in the first instance.

Viewed under the limitations period applicable to a federal lawsuit of this nature,[4] this action is untimely because it was not presented to the EEOC within 180 days of the alleged discrimination; for that reason, it must be dismissed. While a pro se litigant must generally be given an opportunity to amend a complaint, a district court need not allow an amendment where amendment would be futile. *Lee v. Alachua Cnty., Fla.*, 461 F. App'x 859, 860–61 (11th Cir. 2012) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)). An amendment is futile when the complaint would still be properly dismissed or subject to immediate summary judgment for the defendant. *Id.* (citing

---

[4] The Court interprets Henderson's pro se complaint to assert only federal law claims for age and disability discrimination. Even if Henderson intended to assert a state-law based age discrimination claim, with no federal law claim surviving to support jurisdiction, the Court would decline to entertain supplemental jurisdiction over a state-law age discrimination claim. Additionally, the state law age discrimination statute has a similar 180-day limitations period. *Jones v. Dillard's, Inc.*, 368 F.3d 1278, 1279 (11th Cir. 2004) (noting the Alabama Supreme Court's response to the Circuit's certified question as the AADEA statute of limitations: "'[W]e hold that the § 25-1-29 incorporates the statutes of limitations of the ADEA as follows: (1) If a plaintiff files an AADEA claim in a state court within 180 days from the occurrence of the alleged unlawful practice, the applicable limitations period for filing a charge with the EEOC, then that plaintiff's claim is timely.'").

*Cockrell*, 510 F.3d at 1310). The Court finds that any amendment of the Complaint would be futile.

## IV.  CONCLUSION

For the above reasons, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED before service of process under 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)(1).

Further, it is ORDERED that by **May 14, 2024**, the parties may file an objection to this Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive, or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. 11th Cir. R. 3-1.

Done this 30th day of April, 2024.

/s/ Kelly Fitzgerald Pate  
KELLY FITZGERALD PATE  
UNITED STATES MAGISTRATE JUDGE